UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CONCRETE FLOTATION SYSTEMS, INC.,

                Plaintiff,

   - v -

TADCO CONSTRUCTION CORP., et al.,

                Defendants.
-------------------------------------------------------------------x

**ORDER**

CV-07-319 (ARR)(VVP)

At a conference on Wednesday, April 29, 2009, the court ordered that an attorney who formerly represented the defendant Tadco Construction Corp., Mitchell Reiter, Esq., was required to appear for a deposition on Monday, May 4, 2009 in response to Tadco's subpoena duces tecum, and to produce certain documents relevant to the issues in this case. In doing so, the court overruled Reiter's objection to the subpoena based on a retaining lien his firm holds on the papers related to their prior representation of the defendant, but permitted both Reiter and Tadco to submit any further points and authorities concerning the matter by the close of business on Friday, May 1. Reiter has made such a submission; Tadco has not.

Reiter's submission has persuaded the court that the order requiring him to produce documents at the deposition must be modified. Principles long recognized and clearly announced by the Second Circuit prohibit the court from requiring an attorney to produce papers subject to a retaining lien to a former client without a resolution of the fee dispute or the posting of an adequate bond. *See, e.g., Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626-27 (2d Cir.1991); *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) (per curiam) (*citing The Flush*, 277 F. 25, 28 (2d Cir.1921), *cert. denied*, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922). The only exception to the rule requires "a clear showing of the need for the papers, the

prejudice that would result from denying [the client] access to them, and his inability to pay the legal fees or post a reasonable bond." *Pomerantz*, 704 F.2d at 683.

There is no question that Tadco's former counsel has a valid basis for asserting their retaining lien, their claim for outstanding fees having been reduced to a judgment in state court. Tadco has not made the required showing to establish a basis for recognizing the exception announced in *Pomerantz*. Accordingly, Reiter need not produce any documents in response to Tadco's subpoena unless and until his firm's fees are paid or a bond in the full amount of the fees claimed has been posted. As the retaining lien applies only to papers, however, Reiter must still appear and testify at the deposition on Monday.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       May 2, 2009