# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

ADAM R. SCHWARTZ
Direct dial: (973) 425-8837
aschwartz@mdmc-law.com

April 9, 2010

*By ECF Transmission & Overnight Mail*

Hon. Allyne R. Ross, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:   *Concrete Flotation Systems, Inc. v. Tadco Construction Corp., et al.*
           **U.S. District Court for the Eastern District of NY**
           **Case No.:  CV-07-319(ARR)(VVP)**
           **MDMC No.:  C0002-1747**

Dear Judge Ross:

    We represent defendant United States Fire Insurance Company ("U.S. Fire") in the above-referenced matter. The purpose of this letter is to request permission to file a renewed motion for summary judgment on behalf of U.S. Fire on the sole remaining issue in this case, namely whether plaintiff Bellingham Marine's claim is barred under the one year statute of limitations contained in New York State Finance Law §137. In Your Honor's Opinion and Order ("Opinion") filed on January 14, 2009, at 19, you decided that "since the instant action was filed on January 23, 2007, one (or both) of the following scenarios must be proven for the action to have been timely filed: either payment must not have become due until January 23, 2006 or Bellingham Marine must not have completed work on the subcontract until after October 24, 2005." You concluded at the time that "a rational fact finder could reasonably conclude that Bellingham Marine did not complete work on the subcontract until December 14, 2005," because the work it performed on that day may have fallen "within the scope of the subcontract." Opinion at 20. You renewed your conclusion at a subsequent status conference among the parties.

    After Your Honor wrote her Opinion, Judge Seybert issued a Memorandum and Order in United States ex rel. Miller Proctor Nickolas, Inc v. Lumbermens Mutual Casualty Co., 2009 WL 962973 (E.D.N.Y. March 31, 2009) (Seybert, J.) ("MPN"). We believe that were you to apply the reasoning of Judge Seybert to the facts of the case before you, which are now fully developed given the close of discovery, you would reach a determination that U.S. Fire is entitled to a summary judgment on this last issue, as you would conclude that Bellingham

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Allyne R. Ross, U.S.D.J.
April 9, 2010
Page 2

Marine's work on December 14, 2005 was either outside the scope of the subcontract or amounted to warranty or repair work, which in either case is not the type of performance that tolls the running of the applicable statute of limitations.

MPN involves strikingly similar facts to those at issue before Your Honor. MPN supplied boilers and related to equipment to DCI, a general contractor, for a power plant project to benefit the United States Department of Agriculture. MPN finished its deliveries as of September 30, 2005, but performed boiler testing and adjustment on July 19, 2006 and provided operator training on September 25 and 26, 2006 because its contract required it to. DCI filed for bankruptcy, and on June 27, 2007, MPN made a claim under the Miller Act against Lumbermen's, which had issued a payment bond to DCI, for balances owed by DCI.

The Miller Act, which served as a model for New York State Finance Law § 137,[1] provides that an action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). Judge Seybert decided that despite the fact that MPN was on-site within a year of its claim being filed, the claim was not brought within a year after MPN last performed labor or supplied material to MPN. He held that the activities performed by MPI in 2006 were "warranty or repair work," and that such work did not toll the running of the claim period even though it was required by the MPN-DCI contract.

Judge Seybert in MPN recognized the proposition that if a subcontractor "could extend the time for notice by correcting a defect . . . the time for such notice might remain in chaos and depend upon the discovery of defects in construction over a year or more after completion," and held that it was essential to consider the "actual nature of the work performed" during the supposed extension.[2] MPN at *3-4 (quoting McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., 185 F. supp. 381, 383 (M.D. Pa. 1960)). She was particularly persuaded by the following facts: (1) "[i]n communications with Lumbermens, MPN asserted that it completed its contract work in 2005; (2) MPN initially "refused to honor its warranty on the installed boilers" but relented after "receiving a list of complaints about its work;" and (3) "MPN did not charge any additional fees to DCI to perform these services." Id. Judge Seybert concluded by pointing out that "MPN fails to submit evidence on this point, but only restates its position that the services performed in 2006 constitute contract work. But bald assertions are not enough to raise an issue of fact." Id. (emphasis added).

---

[1] See R.J. Russo Trucking & Excavating, Inc. v. Pennsylvania Resource Sys-tems, Inc., 169 A.D. 2d 239, 573 N.Y.S. 2d 95 (3rd Dept. 1991)(holding that "Federal Miller Act decisions are of precedential value, inasmuch as State Finance Law § 137 was modeled after the Miller Act.")(citing Recommendation of Law Revision Commission, 1964 NY Legis. Ann., at 246-247); See Specialty Products & Insulation Co. v. St. Paul Fire & Marine Ins. Co., 99 N.Y.2d 459, 463, 758 N.Y.S.2d 255, 257 (N.Y. 2003)(noting that New York State Finance Law § 137 is modeled after the Miller Act and has the same purpose).

[2] See generally Dunn Construction v. Gray Insurance Co., 2010 WL 231742 (W.D. La. 1/13/10) (holding that subcontractor could not bring Miller Act claim when project was completed over a year before except for correction of "punch list" items).

1030744

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Allyne R. Ross, U.S.D.J.
April 9, 2010
Page 3

Bellingham Marine is advancing precisely the same positions as did MPN. To begin with, it has repeatedly asserted that it completed its contract work in 2005. It responded to U.S. Fire's Interrogatory no. 16, which asked for "the exact date on which Plaintiff last performed work and/or supplied materials in connection with the Project," by stating "[w]ithout prejudice as to any objections and without limitations, Plaintiff's warranty produced to defendants indicates a completion date of April 18, 2004." (emphasis added). Then, following Your Honor's Opinion of January 14, 2009, Bellingham Marine informed Your Honor that "Plaintiff's last invoice to TADCO . . . is dated December 17, 2004. By that date, Bellingham had fully performed under the Subcontract and payment was due and payable within ten days of receipt of the invoice." Bellingham Marine's Memorandum of Law in Support of Plaintiff's Motion for Attorneys Fees and Interest filed July 17, 2009, at 2.

In addition, like MPN, Bellingham Marine initially resisted returning to the jobsite to perform additional work. In its first reply, dated November 21, 2005, to Tadco's request that it level the floats, Bellingham Marine responded: "[y]ou are incorrect in your implication that I promised to send Bellingham Marine personnel to level the floats. We did discuss the leveling and I promised to have one of my men advise your field representative on how to accomplish the work." (emphasis added). Only after Tadco persisted with complaints did Bellingham Marine relent and agree to make an appearance at the project site to "level the first finger and tighten hardware at locations shown" on a drawing supplied by Tadco. Letter from Bellingham Marine to Tadco dated December 13, 2005. Finally, as U.S. Fire has previously informed the Court, Bellingham Marine did not charge for its one-day visit to the project site in December, 2005. See Tadco's Final requisition dated April 27, 2006.

Against these points, which perfectly mirror those found to be dispositive by Judge Seybert in MPN, Bellingham Marine offers only the argument that Tadco suggested the leveling work was within the scope of the subcontract. In fact, however, Tadco conceded in its letter to Bellingham Marine of November 25, 2005 that "Bellingham Marine's contract did not include the dock installation," adding that the "contract included technical support relating to installation." This aspect of the case before Your Honor is thus also like MPN. Just as Judge Seybert found that performing repair work or doing training – even if mandated by the contract – does not to amount to the furnishing of labor or materials that is required to toll the limitations period, this Court should also find that Bellingham Marine's "technical support relating to installation," for which Bellingham Marine did not charge Tadco, does not constitute work that would warrant the tolling of the statute of limitations.

Returning to the point that caused Your Honor to deny U.S. Fire's initial motion for summary judgment – the possibility that the work Bellingham Marine performed on December 14, 2005 may have fallen "within the scope of the subcontract," U.S. Fire respectfully suggests that if you were to adopt Judge Seybert's reasoning in MPN you would no longer need to address this question in this way. Rather, the relevant inquiry would be whether Bellingham Marine's activity on that day, irrespective of whether it was required by the subcontract, amounted to a new furnishing of labor or delivery of material on the one hand, or warranty, repair or training

1030744

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Allyne R. Ross, U.S.D.J.
April 9, 2010
Page 4

work on the other hand. With the inquiry framed this way, U.S. Fire submits that the clear and undisputable answer is that the work was of the latter type. It was, after all, performed under protest, described as "support" work, and done at no charge over 18 months after Bellingham Marine was last on-site.

Judge Seybert in MPN concluded that such work could not and did not toll the running of the applicable statute of limitations. U.S. Fire respectfully urges Your Honor to do the same, and thereby avoid a trial at which precisely this same issue will be presented and, as to which, there is no genuine issue of material fact.

Respectfully submitted,

McElroy, Deutsch, Mulvaney
& Carpenter, LLP

Adam R. Schwartz

cc: Robert D. Balin, Esq.,
Christopher J. Robinson, Esq.,
John Theiss, Esq.
Bryan Ha, Esq.
Scott M. Palatucci, Esq.
(All By Facsimile)

1030744