

**Davis Wright Tremaine LLP**

1633 Broadway
27th Floor
New York, NY 10019-6708

**Christopher Robinson**
212.603.6441 tel
212.489.8340 fax

chrisrobinson@dwt.com

April 15, 2010

**Via ECF and Federal Express**

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Concrete Flotation Systems, Inc. v. TADCO Construction Corp., et al.*,
      U.S. District Court for the Eastern District of New York
      Case No.: CV-07-319 (ARR)(VVP)

Dear Judge Ross:

  We represent plaintiff Concrete Flotation Systems, Inc. d/b/a Bellingham Marine ("Bellingham Marine") in the above-captioned matter. We write in response to the letter of defendant United States Fire Insurance Company ("U.S. Fire") dated April 9, 2010 and to object to its request that this Court permit U.S. Fire to file a renewed motion for summary judgment. The request is grossly untimely and prejudicial for several independent reasons and should be denied.

  First, this Court has already once denied U.S. Fire's request. At the conference before Your Honor on April 24, 2009, the Court set a briefing schedule for plaintiff's renewed motion for summary judgment against defendant TADCO Construction Corp. ("TADCO") and a trial schedule (later stayed pending consideration of Bellingham Marine's ultimately successful motion and determination of attorneys fees and interest). At the same conference, counsel for U.S. Fire sought leave of the Court to file its own renewed motion for summary judgment – presumably on the strength of the same opinion of March 31, 2009 (*United States ex rel. Miller Proctor Nikolas, Inc. v. Lumbermens Mutual Casualty Co.*) ("*MPN*") now cited in U.S. Fire's April 9, 2010 letter -- but that request was denied. Nothing has occurred since that date to justify reconsideration of the Court's decision.

  Second, in its first motion for summary judgment, filed two years ago at the close of discovery, U.S. Fire made essentially the same arguments it now raises with respect to this "new" case, arguments which were rejected by this Court in its opinion and order of January 14, 2009 denying summary judgment (the "Order"). There are no legal arguments in *MPN* which were not available to U.S. Fire back in 2008, and even if there were, the district court opinion is in no way binding on this Court and is moreover factually distinguishable. *See Rite Aid Corp. v. American*

Hon. Allyne R. Ross
April 15, 2010
Page 2

*Home Products Corp.*, 2003 U.S. Dist. LEXIS 8232, at *14-26 (E.D.N.Y. Apr. 16, 2003) (Glasser, J.) (denying motion to renew motion for summary judgment because there was no intervening change of controlling law, no new evidence, and no need to correct a clear error or prevent a manifest injustice) (citing *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

*MPN* stands for the unremarkable principle that warranty or repair work generally do not constitute the performance of "labor" or the supply of "material" sufficient to toll the one-year statute of limitations for claims under the Miller Act (on which New York State Finance Law § 137 is allegedly modeled). In support of the proposition, the *MPN* court cites to numerous cases going back to 1960, including a 1967 decision from a court in this district, *T Square Equipment Corp. v. Gregor J. Schaefer Sons, Inc.*, 272 F. Supp. 962, 963-64 (E.D.N.Y. 1967). Yet, even though it was already well-established law, U.S. Fire chose not to cite to *T. Square* or any other Miller Act cases in its 2008 motion for summary judgment. Whether because it did not think them applicable or simply failed to consider them, U.S. Fire should not be afforded a second bite at the apple.

Even confining itself to cases construing New York State Finance Law § 137, which is the applicable statute in this case, U.S. Fire made exactly the same arguments in its first (and unsuccessful) summary judgment motion that it now urges on the Court. Over two years ago in its initial February 19, 2008 letter request for a pre-motion conference, U.S. Fire argued that it was entitled to summary judgment because plaintiff "last provided labor and materials to the Project, and otherwise completed work under the Subcontract, on April 28, 2005" and that this date started the one-year limitations clock running. (Docket No. 22 at 2.) In its memorandum of law in support of its motion, dated May 19, 2008, U.S. Fire again stated that under Section 137(3) of the N.Y. State Finance Law, the right to a cause of action for non-payment on a payment bond arises within 90 days "after the day on which the last of the labor was performed or material was furnished," and that the one year limitations runs "one year from the date on which final payment under the claimant's subcontract became due." (Docket No. 51 at 7.)

In its opposition to the motion, dated June 30, 2008, Bellingham Marine, argued, *inter alia*, that it last performed labor on the project on December 14, 2005 at the specific insistence of TADCO. Because the one-year limitations period begins to run when the claim on the bond ripens (i.e., 90 days after the last day labor was performed), Bellingham Marine's January 23, 2006 action was timely. (Docket No. 46.) U.S. Fire had every opportunity in its July 21, 2008 reply brief to claim that Bellingham Marine was incorrect as a matter of law and indeed it did so, arguing (just as it now does in its request for a renewed motion), that the work undertaken in December 2005 was "remedial in nature, outside the scope of the contract" and hence did not toll the limitations period ("[A]ny work performed by CFS in December of 2005 was extra-contractual in nature, and, thus, is meaningless for purposes of the limitations period under N.Y. State Finance § Law 137."). (Docket No. 56 at 7-8.) The fact that U.S. Fire relied on case law with respect to mechanic's liens rather than the Miller Act was U.S. Fire's decision and it has no right to correct its omission 21 months later.

Hon. Allyne R. Ross
April 15, 2010
Page 3

Finally, Your Honor's January 13, 2009 opinion and order denying summary judgment examined at length the legal issues and factual evidence presented by both sides in this dispute with respect to the December 14, 2005 work (Order at 18-23) and concluded that "Summary judgment for U.S. Fire is inappropriate because a rational fact finder could reasonably conclude that Bellingham Marine did not complete work on the subcontract until December 14, 2005." (*Id.* at 20.) The factual record before the Court on the matter has not been supplemented or amended in any relevant way since that order.

Third, as stated above, the "new" principles cited in *MPN* have been settled law since at least the 1960s, but their particular application to the fact pattern in another district court is not binding on this Court, especially when U.S. Fire has cited no Second Circuit authority on the matter. For example, U.S. Fire argues that this Court should apply the holding in *MPN* that under the Miller Act, warranty, repair work or doing training – "even if mandated by the contract" – do not toll the statute of limitations. (Emphasis in original). But that is far from a universal statement of the law. *See, e.g., United States ex rel. The Balf Co. v. The Castle Corp.*, 895 F. Supp. 420, 427 (D. Ct. 1995) (rejecting contention that action on a bond under the Miller Act was untimely because additional subcontractor work was not required under the contract when the work was provided in a spirit of cooperation in order to assure satisfactory performance under the contract); *United States ex. rel. Hussmann Corp. v. Fidelity and Deposit Co. of Maryland*, 999 F. Supp. 734 (D.N.J. 1998) (discussing the different methodologies employed by courts in computing when the statute of limitations begins to run in Miller Act cases). As the *Hussmann* court stated, "The line drawn by this Court and in other jurisdictions, whether the materials were furnished for repairs or as part of the original contract, is admittedly hazy. . . . Each case must be judged on its own facts and . . . sweeping rules about 'repairs' offer little help in the necessary analysis. The factors to consider include the value of the materials, the original contract specifications, the unexpected nature of the work, and the importance of the materials to the operation of the system in which they are used." (quoting *United States ex. rel. Georgia Electric Supply Co. v. United States Fidelity and Guaranty Co.*, 656 F.2d 993, 996 (5th Cir. 1981)). Again, U.S. Fire's "new" case is not binding on this Court and cannot justify the extraordinary and prejudicial granting of its request for a renewed summary judgment motion, especially as this case is now essentially ready for trial. *Wright v. Cayan*, 817 F.2d 999, 1002 n.3 (2d Cir. 1987) (grant of previously denied summary judgment only when there is a change in the law or facts warranting undermining the expectations of finality and overruling the prior decision).

Respectfully submitted,

Christopher Robinson

cc: Adam R. Schwartz, Esq. (via facsimile)
    Scott Palatucci, Esq. (via facsimile)
    Bryan Ha, Esq. (via facsimile)
    Randall Steichen, Esq.