FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2010 ★
REC 6/16/10
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CONCRETE FLOTATION SYSTEMS, INC., d/b/a
BELLINGHAM MARINE,

                        Plaintiff,

  -against-

TADCO CONSTRUCTION CORPORATION and
UNITED STATES FIRE INSURANCE COMPANY,

                        Defendants.
------------------------------------------------------------------ X

07-CV-319 (ARR)(VVP)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On March 15, 2010, Magistrate Judge Viktor V. Pohorelsky issued a report and recommendation ("R&R") in this action, recommending that plaintiff Concrete Flotation Systems, Inc., d/b/a Bellingham Marine ("Bellingham") be awarded $146,784.50 in attorneys' fees, $15,906.47 in costs, and $60,731.50 in pre-judgment interest. Defendant Tadco Construction Corporation ("TADCO") filed objections to the R&R on May 28, 2010. Bellingham filed a response on June 4, 2010. Having reviewed *de novo* those parts of the R&R to which TADCO has objected, this court now adopts the Report and Recommendation as the Decision and Order of this Court.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Id. Upon *de novo* review, the district court "may

1

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

In accordance with the dictates of 28 U.S.C. § 636(b)(1), this court has conducted a *de novo* review of the R&R's section on reasonable attorneys' fees, considering TADCO's objection that the attorneys' fees awarded were not reasonable. TADCO asserts that the attorneys' fees awarded were not reasonable because to reach the fee awarded, the court applied, without explanation, a twenty-five percent reduction to the number of hours billed by Bellingham's attorneys. TADCO also asserts that the fee is not reasonable given that the R&R describes the award as "still high" and "overly generous." The court agrees with the R&R's finding that after adjusting the attorneys' hourly rates, reducing the compensable hours by twenty-five percent, excluding any attorneys' fees billed for travel time, and excluding the 15.40 hours of secretarial work "[t]he [$146,784.50 in attorneys' fees] amount seems to the court to be a reasonable fee in view of the issues raised, the work performed, and the court's wide discretion in awarding attorneys' fees." See R&R p. 17.

With respect to Tadco's objection to the application of a twenty-five percent across-the-board reduction in compensable hours, it is common practice in the Second Circuit to reduce the fee award by an across-the-board percentage. See, e.g., U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989) (affirming the reduction of billed hours by a total of 30%); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]") (internal quotation marks and citation omitted); Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp.

2d 274, 284 (E.D.N.Y. 2008) (applying across-the-board reduction of attorney hours by 10%); Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (applying 25% reduction to account for block billing, vagueness, and excess); Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510, 521 (S.D.N.Y. 1994) (employing a 30% across-the-board percentage reduction in compensable hours for vague billing entries, lack of contemporaneous time records, and duplicative billing). Thus, the R&R's application of an across-the-board reduction was appropriate. Furthermore, Judge Pohorelsky provided ample explanation for using this methodology when he stated that it is unrealistic for a trial judge to rule on every entry in a fee application, that judges are expected to take into account their experience when ruling on fee applications, and that taking into account the nature of the case, the overstaffing, the inclusion of an excessive number of hours worked, he felt it was appropriate to trim the attorneys' fees to $146,784.50.

## CONCLUSION

For the reasons set forth above, the court adopts Judge Pohorelsky's report and recommendation as the decision and order of this court.

SO ORDERED.

s/Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: June 9, 2010
Brooklyn, New York

SERVICE LIST:

*Attorneys for Plaintiff*
Randall R. Steichen, Esq.
Davis Wright Tremaine LLP
1201 3rd Avenue
Suite 2200
Seattle, WA 98101

Christopher J. Robinson, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019

*Attorney for Defendant Tadco Construction Corp.*
Bryan Ha, Esq.
799 Broadway
Suite 336
New York, NY 10003

cc: Magistrate Judge Viktor V. Pohorelsky